N8OAAHUMC                          Conference

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                              23 CR 302 (PGG)

5   HUMBEI AMARVEL BIOTECH CO.,
    LTD. and QINGZHOU WANG,
6
                   Defendants.
7
    ------------------------------x
8
                                      New York, N.Y.
9                                     August 24, 2023
                                      2:30 p.m.
10

11  Before:

12                    HON. PAUL G. GARDEPHE,

13                                      District Judge

14
                          APPEARANCES
15
    DAMIAN WILLIAMS
16       United States Attorney for the
         Southern District of New York
17  ALEXANDER NOU LI
         Assistant United States Attorney
18
    DANIEL N. ARSHACK
19       Attorney for Defendant Humbei/Wang

20  MARLON KIRTON
         Attorney for Defendant Chen
21

22  ALSO PRESENT:  PHANESSIA LIAO, Mandarin Language Interpreter

23

24

25

N8OAAHUMC                        Conference

```
 1          (Case called)

 2          MR. LI:  Good afternoon, your Honor.

 3          Alexander Li, for the government.

 4          MR. ARSHACK:  Good morning -- good afternoon.

 5          Daniel Arshack, on behalf of Mr. Wang.  We filed a

 6  substitution, your Honor, for Marne Lenox.

 7          THE COURT:  Okay.

 8          MR. KIRTON:  Marlon Kirton and Mr. Cheng, for Yiyi

 9  Chen.

10          Good afternoon, your Honor.

11          THE COURT:  Good afternoon.

12          All right.  So, I'm going to terminate Marne Lenox as

13  representation of defendant Wang, given the notice of

14  appearance that have been filed by his new attorneys.

15          Mr. Li, could you advise me on where we are in terms

16  of discovery.

17          MR. LI:  Yes, your Honor.

18          Since the arraignment on June 28th, the government has

19  produced discovery in two tranches.  We believe discovery is

20  largely complete at this point.  There is one substantial

21  exception and that is the electronic devices of the defendants'

22  which the government is attempting to search pursuant to a

23  search warrant.  We still have not been able to access those

24  devices which are protected by security features.  So, we are

25  attempting to get into those devices.  With the exception of
```

N8OAAHUMC                      Conference

1  those devices, discovery is, at this point, largely complete.

2          THE COURT:  All right.  Do you have any sense of when

3  you'll know whether it's possible to access the defendants'

4  electronic devices or whether that's just something that's not

5  going to be possible?

6          MR. LI:  Unfortunately, your Honor, we don't know

7  whether or when we'll be able to get into those devices.  My

8  understanding is that it is essentially a brute force attempt

9  to get into these devices by attempting variations of a pass

10  code.  And so, until we submit the right pass code we won't be

11  able to get into those devices, your Honor.

12          THE COURT:  Okay.

13          MR. ARSHACK:  Your Honor, it's not clear to me whether

14  the assistant was describing devices from both defendants or

15  just from one of them.

16          THE COURT:  Right.  Could you clarify that, Mr. Li?

17          MR. LI:  Yes, your Honor.

18          There are devices by both defendants.  So,

19  specifically, there are two cellphones from each of the two

20  defendants.  So, four cellphones in total, plus one laptop that

21  belongs to Ms. Chen.  In addition, in the warrant there was

22  specified an external hard drive that belonged to Ms. Chen.  It

23  appears that external hard drive is actually a battery.  So, it

24  does not appear to be a data storage device.

25          THE COURT:  Okay.  All right.  So, Mr. Arshack, you're

N8OAAHUMC                          Conference

1    new to the case.  What have you been able to do so far with the

2    discovery that's been produced?

3            MR. ARSHACK:  I spoke and met with Marne Lenox

4    yesterday, who had been assigned the case.  She provided me

5    with the flash drive with discovery on it.  I have discovered

6    that I'm able to open it and that's about as far as I've

7    gotten.  I do understand that there is an additional amount of

8    discovery that the U.S. Attorney will provide me and to all of

9    us, that's been just made available in the last several days

10   that I haven't seen yet.  I did notice when I was able to open

11   the flash drive, there are a significant number of recordings,

12   both audio and video, that are in Mandarin.  It happens not to

13   be a language that I speak or understand, and it will take some

14   time to evaluate those and understand the significance of them.

15   I do understand as well that the material that the U.S.

16   Attorney is going to be providing to us is also recordings of

17   voices in other languages.

18           If I can anticipate your next question, I was going to

19   ask for another status conference in 60 or 90 days after we

20   have had a chance to review this voluminous material.  The

21   first tranche in the flash drive, judge, 91 gigabytes.  It's a

22   lot of material to go through.

23           THE COURT:  All right.  Mr. Kirton, could you tell me

24   where you are in terms of your review of the discovery.

25           MR. KIRTON:  Your Honor, I would not oppose a 60-day

N8OAAHUMC                         Conference

1   adjournment for me to look to complete my review of discovery.

2   My client also has a copy of the first production at the MDC.

3   The problem is that she has not been able to access her

4   discovery as of yet.  She received it last week, sent by the

5   government on a hard drive I supplied.  Her date to review the

6   discovery was supposed to be Monday, this week.  She did not

7   have an opportunity to review the discovery Monday or any other

8   day that week.  I just notified the government earlier today

9   about her inability to access the discovery but we will be fine

10  in terms of our ability to review the discovery eventually.

11          I think a 60-day adjournment for a status conference

12  would be appropriate in this case.

13          THE COURT:  All right.  Mr. Li, anything you want to

14  say?

15          MR. LI:  No, your Honor.  We stand ready to assist the

16  defense in all matters including access to the discovery at the

17  MDC.

18          THE COURT:  All right.  Based on Mr. Arshack's recent

19  arrival on the case and magnitude of the discovery materials,

20  and the fact that they are in Mandarin, I do think that the

21  further adjournment is appropriate.  So, I'm going to set

22  October 24th at ten o'clock for our next conference.  My hope

23  would be when we meet again that we can set a motion schedule.

24  So, I will be asking the defense lawyers about the pretrial

25  motions that they anticipate bringing.

N8OAAHUMC                         Conference

1              Does the government wish me to exclude time between

2       then and now.

3              MR. LI:  Yes, your Honor.  The government respectfully

4       moves to exclude time until October 24th.  We believe this is

5       in the interests of justice, to allow counsel to review the

6       discovery, particularly, newly appointed counsel would have not

7       yet had an opportunity to do so, newly retained counsel, and

8       for the parties to discuss any potential pretrial resolutions

9       to the case.

10             THE COURT:  Is there any objection to the exclusion of

11      time through October 24.

12             MR. ARSHACK:  No objection, judge.

13             MR. KIRTON:  No, your Honor.

14             THE COURT:  I will exclude time between today and

15      October 24, 2023 under the Speedy Trial Act pursuant to Title

16      18 U.S.C. Section 3161 (H) (7) (A), to permit defense to review

17      the discovery materials and determine whether any pretrial

18      motions will be necessary.  I do find that the ends of justice

19      served by granting of this continuance, outweigh the best

20      interests of the public and the defendants in this speedy

21      trial.

22             I should say I received a letter from Mr. Kirton dated

23      August 24th, which he suggests that the Court set a trial date

24      for the second quarter of 2024 and set motions for the first

25      quarter of 2024.  I'm not going to set a trial date today.

N8OAAHUMC                      Conference

1  Given Mr. Arshack's very recent arrival in the case, and it is

2  my hope that when I see you on October 24th, we will be able to

3  set a schedule then for pretrial motions.

4         Yes, Mr. Arshack.

5         MR. ARSHACK:  Could I ask my associate who is sitting

6  next to me, actually speaks Mandarin, could I ask if he could

7  have a moment with my client before he is taken back?

8         THE COURT:  Absolutely.

9         MR. ARSHACK:  Thank you.

10        MR. KIRTON:  Your Honor, just one other thing.  When I

11 submitted the letter I was really concerned about my client

12 being incarcerated for more than one year at the MDC.  I laid

13 out both in the bail application and plus my letter from

14 yesterday, the problems of conditions of confinement at the

15 MDC.  I also learned today that she was having some trouble

16 reviewing the discovery.  So there appeared to be a number of

17 issues that keep coming up at the MDC which applies to

18 everyone, not just to her.  So, I was concerned about her being

19 incarcerated for more than one year.  She's 31 years old, no

20 prior record, as far as we know.  I'm not asking for a trial

21 date today because there are other factors but I just wanted to

22 bring it to everyone's attention that we were looking at

23 setting a date sooner rather than later.

24        THE COURT:  Yes.  I am completely sympathetic to that

25 view and as I said, it is my hope that we can set a trial

N8OAAHUMC                        Conference

1    date -- excuse me -- set a motion schedule for October 24th and

2    I am certainly willing to set a trial date at our next

3    conference as well.  And so why don't we just agree that when

4    we meet again on October 24th we come prepared to talk about

5    motion schedule as well as a trial date.

6              MR. KIRTON:  Understood, your Honor.

7              THE COURT:  Mr. Li, anything else?

8              MR. LI:  No, your Honor.

9              THE COURT:  Anything else on behalf of defendants?

10             MR. ARSHACK:  No.  Thank you, your Honor.

11             MR. KIRTON:  No, your Honor.  Thank you.

12             THE COURT:  Thank you all, and good day.

13             (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25